**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DOMINIQUE DEANGELO DARDEN,  )<br>                                                    )<br>            Plaintiff,                       )<br>                                                    )<br>     v.                                           )      No. 4:22-cv-00956-AGF<br>                                                    )<br>ST. LOUIS SHERIFFS DEPARTMENT, )<br>et al.,                                           )<br>                                                    )<br>            Defendants.                    )   | |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Dominique Deangelo Darden to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will grant the motion. Furthermore, based upon an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B) the Court will dismiss this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the financial information contained in the application, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Background**

On September 5, 2020 plaintiff was charged in the Circuit Court of the City of St. Louis with one count of unlawful possession of a firearm, a class D felony. *State v. Darden*, No. 2022-CR01542 (St. Louis City Cir. Ct. filed Sept. 5, 2020).[1] The charge arose out of events that occurred July 1, 2020 in the City of St. Louis. An arrest warrant was issued on September 6, 2020 and plaintiff was to be held without bond.

Plaintiff initially appeared before the state court on October 20, 2020. A bond hearing was set for October 30, 2020. At his bond hearing, plaintiff was released on house arrest on the condition that he wear a GPS monitor at all times. Plaintiff received the GPS monitor from pretrial services within twenty-four hours of his hearing. However, plaintiff did not comply with the condition of GPS monitoring. He made several "unapproved excursions or stops" beginning on January 1, 2021. Nevertheless, the court did not revoke plaintiff's bond.

On October 12, 2021, plaintiff appeared for a plea hearing. His counsel provided documentation that plaintiff was participating in an in-patient treatment program. For this reason,

---

[1] Plaintiff's state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

the judge continued the matter to November 22, 2021 and ordered that "Defendant MUST APPEAR or warrant to issue."

Plaintiff failed to appear on November 22, and the court issued an arrest warrant. Plaintiff was arrested, but after another bond hearing he was released and ordered to wear a GPS monitor. This time plaintiff did not report to pretrial services within twenty-four hours of his release to receive his GPS device. He was ordered a no show. Plaintiff also failed to appear at his next bond hearing. The court issued a bench warrant for plaintiff's arrest. Plaintiff was rearrested on January 20, 2022.

On February 24, 2022, the state held another bond hearing and reinstated plaintiff's bond. Again plaintiff was to be on house arrest with GPS monitoring. But plaintiff did not report to pretrial services for installation of his GPS device. A bond review hearing was scheduled for March 16, 2022. Plaintiff failed to appear and the court issued another bench warrant.

On March 28, 2022, the state court received a letter from plaintiff mailed from the Olympia City Jail in Olympia, Washington.[2] On April 18, 2022, the court issued a governor's warrant, which was served on plaintiff in Washington state on June 23, 2022. It is this arrest in Washington state by St. Louis City police officers that forms the basis of plaintiff's § 1983 complaint.

The state court judge has ordered a mental evaluation be conducted of plaintiff. Plaintiff's jury trial is set in the Circuit Court for the City of St. Louis on March 27, 2023.

---

[2] In the letter, plaintiff complained to the St. Louis City Circuit Court that the Olympia City Jail served him expired food.

**The Complaint**

Plaintiff is a pretrial detainee being held at the St. Louis City Justice Center in St. Louis, Missouri.[3] Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 against Governor Michael L. Parson, Judge Michael Colona, Judge Rex Burlison, the St. Louis Sheriff's Department, Colonel John W. Hayden, Jr., Roberta Gordan, Adrian Barnes, George Hayes, Jr., Deputy Super Spears, Cadena Bazim, Jean Clemons-Abdullah, and Alvin Darden Sr.

Plaintiff's "statement of the claim" is hard to discern, so the Court will quote plaintiff's first paragraph, in full:

> I, Dominique Deangelo Darden #99025 was chased in Seattle airport by Alvin Darden Sr. [phone number] and he had a military style grade AR-15 and this happened April 13, 2022 in Washington St[ate] Seattle airport, so contact DHS due to national security breach now[.] It was approx. 11 p.m.-2 a.m. of April 13, 2022. The x-rays of the bullet fragment of foreign bodies injuries are in two facilities in these Washington triage [illegible] staff and they are King County Correctional Facility [address]. [illegible] the governor's warrant which was forged by Alvin Darden Sr. [phone number] in Michael L. Parson is fraud and a high level of treason, espionage, and arbitration do to the fact I was abducted and human traffic 18 U.S.C. from Washington State Seattle airport @ 12:00 p.m. and it was Alaska Airlines the 2 St. Louis City Police Dep't Human Traffic 18 U.S.C. me to Lambert airport to this jail where I'm being held a hostage 18 U.S.C. by admin staff and Alvin Darden Sr. has an AR-15 inside this jail, so send A.T.F. and other entities with the F.B.I. whom specialize in hostage rescues and the evacuation of hostages now!!! The St. Louis Sheriffs Dep't Breach Missouri and Homeland Security database by putting my name into Missouri's Casenet.gov and creating fraudulent documents. Col. John W. Hayden Jr. allowed his 2 St. Louis Police Officers to human traffic me on forged and fraudulent documents.

Plaintiff's complaint continues in this same manner for two more paragraphs. For relief, plaintiff seeks immediate release from jail and monetary damages of an unknown amount.[4]

---

[3] Plaintiff states he is a "hostage" under Chapter 18 of the United States Code.
[4] In addition to his complaint, plaintiff has filed nine letters to the Court since September 19, 2022. These letters re-assert plaintiff's claims, address plaintiff's lack of a prisoner account statement,

**Discussion**

Based on Missouri state court records, plaintiff is a criminal defendant in a felony criminal case in the City of St. Louis. He did not comply with the terms of his bond and absconded to Washington state. The City of St. Louis Circuit Court issued a governor's warrant under Missouri Revised Statute § 548.051 and arrested plaintiff in Washington state.

The Court finds plaintiff's claim that he was abducted from the Seattle airport, taken hostage by the St. Louis City police, and is being human trafficked by the City of St. Louis is "fanciful," "fantastic," and "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)). Likewise, plaintiff's accompanying legal claims of fraud, obstruction, negligence, breach of duties, and conspiracy are indisputably meritless.

For these reasons, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. *See id.* The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

---

allege facts related to his underlying criminal case, and seek protective custody of his family.

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of October, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE